[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13154
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00096-CR-FTM-99-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELMER LEONARD BURRELL,
a.k.a. Jamal,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 27, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Elmer Burrell appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Burrell's motion was based on Amendment 706, which amended the base offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses. The district court denied the motion, finding that Burrell was sentenced as a career offender under U.S.S.G. § 4B1.1, and thus any reduction would not be consistent with the policy statements issued by the Sentencing Commission.

On appeal, Burrell argues that the guidelines were advisory in the § 3582 context, and the court should consider his post-sentencing conduct and the factors in 18 U.S.C. § 3553(a), pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He also argues that he had a right to an attorney throughout the § 3582 proceedings. Additionally, Burrell contends that the district court erred in enhancing his sentence under the Armed Career Criminal Act during the original sentencing proceedings.

We review the denial of a § 3582 motion for an abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). Where the issue presented involves a legal interpretation, however, review is de novo. United States v. Pringle, 350 F.3d 1172, 1178 (11th Cir. 2003). The district court may reduce the sentence of a "defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Amendment 706, which has been made retroactive, amends the Drug Quantity Table in § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack cocaine offenses."  United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554).  However, if a defendant is a career offender, his base offense level is determined under the career offender guideline in § 4B1.1(b), and not the drug quantity guideline in § 2D1.1(c).  541 F.3d at 1327-28.

For this reason, we held in Moore that Amendment 706 has no effect on the applicable guideline range for defendants who are sentenced under the career offender guideline. Id.  In addition, Booker does not provide an independent jurisdictional basis for an ineligible defendant to receive a § 3582(c)(2) sentence reduction.  United States v. Moreno, 421  F.3d 1217, 1220 (11th Cir. 2005).

Burrell was sentenced as a career offender and is therefore ineligible for relief under Amendment 706.  In addition, because Burrell is ineligible for a

§ 3582 sentence reduction, Booker cannot be applied on its own to permit such a reduction to take place.  See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008).

With regard to Burrell's argument that the district court should have assigned counsel to assist him in the § 3582 proceedings, Burrell never filed a motion for counsel in the district court.  Moreover, defendants are not entitled to counsel in post-conviction proceedings.  See Barbour v. Haley, 471 F.3d 1222, 1227-28 (11th Cir. 2006), cert. denied, 127 S.Ct. 2996, 168 L.Ed.2d 707 (2007).  Finally, Burrell's arguments regarding errors in his original sentence are foreclosed because such considerations were outside the scope of his § 3582(c)(2) proceeding, as "[t]his Circuit has been very clear in holding that a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing."  United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000).  Accordingly, we affirm.

**AFFIRMED.**